IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WOODSTREAM CORPORATION<br>29 E. King Street<br>Lancaster, PA 17602<br>*Plaintiff,*<br><br>v.<br><br>YAO YONGJIE<br>No. 51, Yangtantou Village,<br>Wuyun Town, Li City,<br>Jinyun 321400, Zhejiang<br><br>*Defendants.* | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Woodstream Corporation, by and through its undersigned counsel, Barley Snyder, LLP, hereby files this Complaint against Defendant Yongjie, and in support thereof, avers as follows:

### THE PARTIES

1.     Plaintiff, Woodstream Corporation ("Woodstream" or "Plaintiff"), is a Pennsylvania corporation with a principal place of business located at 29 E. King Street, Lancaster, PA 17602.

2.     Defendant, Yao Yongjie ("Yongjie" or "Defendant"), is an adult individual believed to be residing at No. 51, Yangtantou Village, Wuyun Town, Li City, Jinyun 321400, Zhejiang.

1

11526570.1

## JURISDICTION & VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and 28 U.S.C. § 1332.

4.      Venue is proper under 28 U.S.C. §§ 1391, 1400, and Defendant has submitted to jurisdiction in this venue, as it has agreed to jurisdiction in any judicial district in which Amazon does business.

## FACTUAL BACKGROUND

5.      Plaintiff Woodstream is engaged in the business of designing, engineering, producing, and selling, innovative pest solutions, products for home, lawn, and garden, and birding accessories.

6.      Plaintiff designed and developed insect traps, which have been trademarked as SAFER and DYNATRAP.

7.      As part of the SAFER AND DYNATRAP designs, adhesive cards are used to trap the insects.

8.      Once the adhesive card is full, it can be thrown out and replaced with a new adhesive card.

9.      The back of the adhesive card bears a 2-D artwork for which a copyright registration application is pending.

10.     Specifically, the back of the Adhesive Card bears an artwork with nine (9) squares with rounded edges lined up in rows and columns of three (3), with the

2

word "BACK" in white capitalized lettering on the top middle square, a rendering of the design in the very middle square, and the logo on the bottom middle square (the "Adhesive Card Design"). See true and correct photos of the Adhesive Card Design attached hereto as Exhibit A.

11.     Plaintiff has invested significant time, energy, and money, planning, designing, and creating the Adhesive Card Design.

12.     Plaintiff is the author and owner of the Adhesive Card Design.

13.     The Adhesive Card Design has been published and marked with related trademarks owned by and registered to Plaintiff, thereby clearly associating the design with Plaintiff.

14.     Defendant infringed on Plaintiff's right to the Adhesive Card Design by creating an adhesive card with a design substantially similar to the Adhesive Card Design, and then selling it on the internet for profit. See a true and correct copy of Defendant's product attached hereto as Exhibit B.

15.     Defendant specifically targeted Plaintiff's audience by noting in the title for the product that it was compatible with Plaintiff's DYNATRAP DT3005W and SAFER HOME SH502, thereby evidencing awareness of Plaintiff's Adhesive Card Design.

16.     Plaintiff sent two Notices of Infringement under the Digital Millennium Copyright Act ("DMCA") to Defendant for the product shown in Exhibit B.

3

17.     Specifically, through Amazon, Plaintiff noticed the following two products sold by Defendant as infringing on the Adhesive Card Design.

    a.  24 Pack Compatible with Safer-Home SH502 Refill Card, DT3005W Glue Board,Sticky Card (the "24-Pack").

    b.  amgolibi 16 Pack Compatible with Dynatrap DT3005W Refill Glue Card Compatible with Safer Home SH502 Refill Glue Board 23005-06 Sticky Card (the "16-Pack").

18.     Defendant sent Counter Notifications for both Notices of Infringement as authorized by Section 512(g) of the DMCA. See a true and correct copy of the counter notifications attached hereto as Exhibit C.

## COUNT I – COPYRIGHT INFRINGEMENT
### 24-Pack

19.     All foregoing paragraphs are incorporated by reference as though set forth at length herein.

20.     Through its access to Plaintiff's Adhesive Card Design, Defendant has improperly and unlawfully infringed and based upon information and belief, intends to continue to infringe, Plaintiff's exclusive rights to its Adhesive Card Design by reproducing, distributing, altering, constructing, and selling works from or based on the Adhesive Card Design that are substantially similar to Plaintiff's Adhesive Card Design, for profit online.

4

21.     Defendant's said acts constitute copyright infringement in violation of 17 U.S.C §§ 501 *et seq.*

## COUNT II – COPYRIGHT INFRINGEMENT
16-Pack

22.     All foregoing paragraphs are incorporated by reference as though set forth at length herein.

23.     Through its access to Plaintiff's Adhesive Card Design, Defendant has improperly and unlawfully infringed and based upon information and belief, intends to continue to infringe, Plaintiff's exclusive rights to its Adhesive Card Design by reproducing, distributing, altering, constructing, and selling works from or based on the Adhesive Card Design that are substantially similar to Plaintiff's Adhesive Card Design, for profit online.

24.     Defendant's said acts constitute copyright infringement in violation of 17 U.S.C §§ 501 *et seq.*

WHEREFORE, Plaintiff prays that this Court award the following relief:

(a) A permanent injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, representatives, successors, heirs, assigns and attorneys and all those persons in active concert or participation or privity with Defendant from distributing, copying, marketing, selling, or making derivatives or other reproductions of Plaintiff's Adhesive Card Design, in whole or in part, including, but not limited to, the 24-Pack and the 16-Pack.

5

11526570.1

(b) An accounting and judgment against Defendant for:

    (i) all profits received from the sale in the United States of the 24-Pack or the 16-Pack; and

    (ii) treble damages, where appropriate.

(c) Plaintiff's costs of this suit, including reasonable attorneys' fees, interest, and expenses pursuant to 17 U.S.C. § 505.

(d) The right to elect statutory damages, in lieu of actual damages and profits, in accordance with 17 U.S.C. § 504(c).

(e) Pursuant to 17 U.S.C. § 503, the destruction of all articles in the possession of Defendants found to infringe the Plaintiff's copyrights.

(f) Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

BARLEY SNYDER, LLP

By: _/s/ Katelyn E. Rohrbaugh_
Paul W. Minnich, Esquire
Court ID No. 74453
E-mail: pminnich@barley.com
Justin A. Tomevi, Esquire
Court ID No. 313661
E-mail: jtomevi@barley.com
Katelyn E. Rohrbaugh, Esquire
Court ID No. 329304
Email: krohrbaugh@barley.com
100 East Market Street
York, PA 17401
717-846-8888
Fax: 717-843-8492
_Attorneys for Plaintiff_

Date:   March 1, 2024